UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGELO ANDRIANI, | Civil No. 11-6707 |
| Plaintiff, | OPINION |
| v. | HON. WILLIAM J. MARTINI |
| CITY OF HOBOKEN, THE HOBOKEN POLICE DEPARTMENT, MAYOR DAWN ZIMMER, POLICE CHIEF ANTHONY FALCO, POLICE CAPTAIN EDIMIRO GARCIA | |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on *pro se* Plaintiff Angelo Andriani's motion for reconsideration of the Court's September 24, 2012 Opinion and Order (ECF Nos. 9 and 10) pursuant to Local Civil Rule 7.1(i). For the reasons stated below, Andriani's motion for reconsideration is **DENIED**.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

For purposes of Andriani's reconsideration motion, it is sufficient to note the following:[1] On November 14, 2011, Andriani, a former lieutenant with the Hoboken

---

[1] For a more complete factual background, please refer to the Court's September 24, 2012 Opinion (ECF No. 9).

Police Department, commenced this action against various Defendants related to the Hoboken Police Department. In his Complaint, Andriani asserted that from December 2005 until August 2010, Defendants treated Plaintiff differently from similarly situated officers on the basis of his race, in violation of: (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e); (2) the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1; (3) 42 U.S.C. § 1981; and (4) 42 U.S.C. § 1983.  In that pleading, Andriani listed his mailing address as 1532 U.S. Highway 41 Bypass South #206, Venice, Florida 34293 (the "Florida Mailing Address").

On the same day Andriani filed the 2011 Complaint, he completed and signed a Consent & Registration Form to Receive Documents Electronically at the e-mail address of AA11653@aol.com ("e-Notice Form").  (ECF No. 2.)   Pursuant to the e-Notice Form, and consistent with Federal Rules of Civil Procedure 5(b) and 77(d) and Local Civil Rule 5.2, Andriani elected to receive service of documents through the Court's electronic filing system and waived his right to receive notice by first class mail.   In signing the e-Notice form, and consistent with Local Civil Rule 10.1, Andriani also agreed to "promptly notify the Court if there is a change in my personal data, such as name, address, and/or e-mail address."  (ECF No. 2.)  To date, Andriani has never filed anything with the Court which indicates that any of his personal data has changed.

In response to Andriani's Complaint, on March 1, 2012, Defendants moved for summary judgment, asserting, among other things, that Andriani was barred from

litigating the claims in his 2011 Complaint because he could have raised them in a 2007 lawsuit in which a group of Hispanic Hoboken Police Officers sued Andriani based on his alleged inappropriate and discriminatory behavior as their supervisor.[2]  In support of that argument, Defendants presented the Court with a copy of a Settlement Agreement and Release dated April 21, 2011, which Andriani signed shortly before the 2007 lawsuit was dismissed with prejudice, as settled.

The record indicates that Defendants' summary judgment papers, including the April 21 Settlement Agreement and Release, were e-mailed to AA11653@aol.com on March 1, 2012 at 4:50 p.m.  In addition, and although not required to, Defendants sent a paper copy of their motion papers to Andriani at his Florida Mailing Address.  (*See* ECF No. 11.)  However, Andriani never filed any responsive papers to Defendants' motion.

On September 24, 2012, the Court granted Defendants' unopposed motion for summary judgment after determining that Andriani's 2011 Complaint was barred by the doctrine of federal claim preclusion.  The Court wishes to make clear that Andriani never filed opposition or any other document with the Court between March 1, 2012 and the Court's September 24, 2012 summary judgment ruling.  However, on October 9, 2012, Andriani filed a letter with the Court requesting that the Court reconsider its dismissal of the 2011 Complaint, which the Court construes as his motion for reconsideration.

---

[2] The 2007 lawsuit was filed in the District of New Jersey and presided over by the Honorable Stanley R. Chesler.  *See* Civ. No. 07-5113 (SRC).

## II.     DISCUSSION

a.     **Standard of Review**

A motion for reconsideration under Local Civil Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)).  Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only sparingly.  *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F.Supp. 513, 516 (D.N.J. 1999).

b.  **Application**

Andriani presents two arguments in support of reconsideration request.  However, neither compels reconsideration.

First, Andriani asserts that he "never received any motion papers."  (Andriani Reconsideration Letter, ECF No. 12.)  To begin with, Defendants' motion for summary judgment was e-mailed to the account Andriani provided to the Court on the e-Service Form, and thus Andriani was properly notified of the pending motion.  In addition, and although not required to, Defendants sent a paper copy of their summary judgment papers to Andriani's Florida Mailing Address.  Under these circumstances, the Court is hard-

4

pressed to believe Andriani was unaware that a motion for summary judgment had been filed in his 2011 lawsuit.  But even if Andriani truly was unaware of Defendants' summary judgment motion, his ignorance does not provide a basis for reconsideration.  *See, e.g., Antoine v. Rucker*, No. 03-3738, 2007 WL 1749961 (D.N.J. June 14, 2007) ("It is counsel's responsibility to monitor the activity occurring in his actions before the court, particularly where, as here, counsel is aware of changes in his e-mail system that may interfere with the prompt delivery of such notices") *and Hunt-Ruble v. Lord, Worrell & Richter, Inc*, Civil No. 10-4520, 2012 WL 2340418 at *4 (D.N.J. June 19, 2012) (litigant who proceeds *pro se* is directly responsible for his conduct in the litigation) (citing cases).

Second, Andriani argues for reconsideration based on his claim that Defendants filed an incorrect copy of the Settlement and Release which the Court referenced in its September 24, 2012 Opinion.  In support of that assertion, Andriani attached "a copy of the final executed version of that Agreement" with his reconsideration papers.  However, after reviewing both documents, Andriani's assertion that the Court relied on the language from a different settlement agreement is patently incorrect.  That is because, with the exception of the amount of settlement, the "Settlement Agreement and Release" Andriani supplied with his reconsideration papers is **identical** to the Release which Defendants submitted with their summary judgment papers.

In short, because Andriani has failed to show (1) an intervening change in the controlling law; (2) newly discovered evidence, or (3) the need to correct a clear error of

5

law or fact to prevent manifest injustice, his motion for reconsideration will be denied.

### III. CONCLUSION

For the reasons stated above Plaintiff Angelo Andriani's motion for reconsideration will be **DENIED**.  An appropriate Order accompanies this Opinion.

s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 5, 2012**